## LEE LAMM *et al.* v. STATE.

### No. A-298. Opinion Filed November 28, 1910.

1.  **TRIAL—Statements by Party—Incorporation in Record.** (a) Section 1 of art. 7 of the Session Laws of Oklahoma, 1905, page 326, gives to either party to a trial the right to demand of the court that the court stenographer shall take down in shorthand any statement made by any party to such trial which might properly be a part of the case-made for appeal or proceeding in error; and if the court refuses to comply with such demand, the matter may be preserved in the record by affidavits or by any other competent evidence, and such refusal upon the part of the trial court will be ground for reversal, without regard to the merits thereof.

    (b) Any party to a cause has the right to demand that the court stenographer shall be required to take down any matter which may transpire at the trial, when such matter, if objected to, is such that it may properly be made a part of a case-made for appeal or proceeding in error.

2.  **APPEAL—Review—Improper Argument—Reservation of Grounds of Review.** (a) When any objection is made to the argument of the county attorney and no exception is reserved to the action of the court in overruling said objection, improper remarks made by the county attorney in his argument will not be ground for a new trial unless they were of such a character that the injurious effect caused thereby could not be withdrawn from the minds of the jurors.

    (b) Improper remarks made by a county attorney in his argument to the jury must be incorporated in the case-made and certified to by the trial judge before they can be considered upon appeal. Such remarks can not be presented by affidavits unless it appears from the record that counsel for the defendant requested the trial judge to have such remarks taken down by the stenographer, in order that he might incorporate such remarks and his objections thereto in the record; and the court had refused to have this done. In that event only can such remarks be presented to this court upon appeal by affidavit.

3.  **INTOXICATING LIQUORS — Parties to Offenses — Agency.** (a) The law of agency governing civil cases has no application to the criminal law of this state; and when a party assists in the commission of a crime he can not screen himself upon the ground that he was simply acting as agent.

    (b) Where a defendant in a prosecution for violation of the prohibitory liquor law claims that he simply acted as the agent

4 Cr.—41

of the purchaser in procuring prohibited liquor, such claim will not constitute a defense. It rather shows that he is guilty upon his own testimony.

(Syllabus by the Court.)

*Appeal from Washita County Court; L. R. Shean, Judge.*

Appellants were convicted of a violation of the prohibitory liquor law, and were each sentenced to pay a fine of $50 and to be imprisoned for 30 days in the county jail, and they appealed. Affirmed.

*Smith & Wagner*, for appellants.
*Fred S. Caldwell*, for the state.

FURMAN PRESIDING JUDGE. First. It is contended that the court erred in refusing appellants' motion to require the court stenographer to take down in shorthand all of the statements made by the court and attorneys in the presence and hearing of the jury. In support of this motion appellants' counsel rely on sec. 1 of art. 7, Session Laws of 1905, page 326, which is as follows:

"It shall be the duty of the court reporter to take down in shorthand, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down by the stenographer, or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

The record in this case shows that when the motion was made the court ruled that the court stenographer must take down all that occurred during the trial except arguments of counsel, and

that the attorney for the state and counsel for the defendant would each be entitled to have the court reporter take down in shorthand any statement made in the argument to which either of them desired to object, and either party would be allowed to preserve their exceptions to the same in the record. We think that this order of the court was all that the defendants had a right to demand under the statute above quoted. It will be observed that in the express language of the statute the refusal of the court to permit, or when requested, to require, any matters that might properly be a part of a case-made for appeal or proceeding in error to be taken down by the stenographer and transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof. We think the object of this statute was simply to enable the parties to a trial to secure a record upon appeal, and that it does not force the judge to have the stenographer take down any statement that would not be subject to review upon appeal. It does not mean that the court stenographer should be required to take down the entire speeches of counsel for both sides of the case where no objection is made to such speeches. It gives the counsel the right to have any given statement to which they object, and which they desire to incorporate in a case-made, taken down by the stenographer, and, upon refusal of the court to have this done, reversible error is committed, without regard to the merits thereof. Indeed, it would be a needless and senseless thing to require a stenographer to take down everything said by counsel to which no objection was made. It would greatly encumber the record and force this court to waste a great deal of time in reading absolutely useless matter. We therefore hold that the ruling of the trial court upon this question was proper.

Second. Counsel for the defendants complain of statements alleged to have been made by the county attorney in his closing argument to the jury. The record, however, shows that no objection was made to any statement in the closing argument of the

county attorney, or that any request was made to the court to have such statements so objected to taken down by the stenographer. Under these conditions we can not consider the affidavits filed by counsel for the defendants as to the remarks of the county attorney. *See Colon Cochran v. State,* No. A-269, *ante,* decided at this session of the court. The court did not err in refusing to grant the defendants a new trial upon the ground of improper arguments made by the county attorney.

Third. The defendants complain of the action of the court in refusing to give to the jury a number of special instructions requested by the defendants. There is but one question involved in this contention, and that is as to whether or not defendants were the agents of the purchaser of the liquor. The court properly refused to give these instructions. The law of agency governing civil cases does not apply to the criminal law of this state, and when a party knowingly assists in the commission of a crime, he can not screen himself from punishment upon the ground that he was simply acting as an agent. See *Buchanan v. State,* No. A,217, *post,* decided at the present term of this court.

The other assignments of error are either immaterial or not supported by the record.

The judgment of the lower court is therefore affirmed, with directions to the sheriff of Washita county to proceed with the execution of such judgment.

DOYLE and RICHARDSON, JUDGES, concur.