# BOB WALKER v. STATE.

No. A--854. Opinion Filed November 23, 1911.

(118 Pac. 1005.)

1. **APPEAL AND ERROR**—Record—Arguments of Attorneys—Review. The argument of attorneys to the jury is a part of the trial of a cause, and improper statements, made by an attorney in such argument in open court, and in the presence of the trial judge, to be reviewed by an appellate court, must be shown by proper recitals in the case-made or bill of exceptions, approved and certified to by the trial judge, and cannot be shown by affidavits.

2. **TRIAL**—Transcribing Proceedings—Prejudicial Error. If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any statement of attorneys, or other proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose of incorporating such statement in the case-made, and the court refuses to comply with this request, this may be shown by affidavits or other competent evidence; and such refusal, when so shown, will be held to be prejudicial error, without regard to the merits of the question, because it involves the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal.

3. **APPEAL AND ERROR**—Petition in Error. A petition in error is the means by which questions are brought up and presented from the trial court to the appellate court; and the appellate court is not required to consider errors occurring during a trial, unless such errors are incorporated in the petition in error.

(Syllabus by the Court.)

*Appeal from District Court, Cleveland County; R. McMillan, Judge.*

Bob Walker was convicted of larceny, and appeals. Affirmed.

*A. Hutchin* and *William Woods,* for appellant.

*Smith C. Matson,* Asst. Atty Gen., for the State.

FURMAN, P. J. The most serious question involved in this appeal is presented in defendant's motion for a new trial, as follows:

"Because of the misconduct of the prosecuting counsel, Ben Williams, over the objection of the defendant, in his closing

remarks to the jury, in which he used in substance the following language: 'I want to know why they did not come up like honest. men, and all be tried together [referring to the defendant, Bob Walker, and the codefendants, G. L. Jones and Buck Jones, who were not on trial], instead of asking for a severance and being tried separately,' which remarks and conduct were at the time excepted to by the defendant as being improper, prejudicial, and calculated to improperly influence the minds of the jurors in arriving at a verdict."

We find upon an examination of the record that it does not contain any recital, approved by the trial judge, sustaining this statement in defendant's motion for a new trial. When the motion for a new trial was presented to the trial court, the attorney for appellant took the stand, and testified as a witness that the language incorporated in the motion for a new trial was actually used by the prosecuting attorney; but the county attorney and Mr. Williams, who assisted in the prosecution, both testified that they did not remember that any such language was used. This is all that appears in the record upon the subject.

In the case of *Saunders v. State,* 4 Okla. Cr. 264, 111 Pac. 965, this court held that the argument of attorneys to the jury is a part of a trial, and that improper statements, made by an attorney in the argument of a case, in open court, in the presence of the trial judge, to be reviewed by an appellate court, must be shown by proper recitals in the case-made or bill of exceptions, and cannot be shown by affidavits.

On the same question, in the case of *Cochran v. State,* 4 Okla. Cr. 387, 111 Pac. 977, this court said:

"If it is permissible to incorporate such questions in the case-made by affidavits, where would the matter end? If one part of the case-made, as to matters occurring in open court during the progress of the trial, can be incorporated in the record by affidavits, why could not all such matters also be so incorporated in the record? What, then, would become of the statutory provision that the case-made must be certified to by the trial judge? As to the proper manner of incorporating in the record questions which arise during a trial in open court, in the case of *Turner v. State,* 4 Lea, 209, the Supreme Court of Tennessee said: 'This

being a matter occurring in open court, the proper mode to put it in the record would have been to request the judge to insert it over his own signature in the bill of exceptions.' "

See, also, *Beatty v. State,* 5 Okla. Cr. 106, 113 Pac. 237; *Johnson v. State,* 5 Okla. Cr. 15, 113 Pac. 552.

Counsel for defendant have ample protection against injustice in the argument of counsel for the state, and as to any matter that may occur in open court, in section 1 of article 7, Session Laws of 1905, p. 326, which is as follows:

"It shall be the duty of the court reporter to take down in shorthand, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down by the stenographer, or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

This statute provides the only instance in which affidavits or other evidence may be incorporated in a case-made as to what occurred in open court, and in the presence and hearing of the trial judge, and these affidavits, or other evidence, can only be introduced for the purpose of showing that the trial court refused to permit, or, when requested, refused to require any statement taken down by the stenographer, or transcribed after having been taken down and incorporated in the record. This showing may be made by affidavits, and when it is made the statute is mandatory, and requires a reversal of the judgment of the trial court, without regard to the merits of the cause. This is not only the statute law, but it is right in principle, because it safeguards and protects the fairness and integrity of proceedings in

all trial courts; and when this right is denied to a defendant, the cause must be reversed. If counsel do not see fit to avail themselves of this statutory provision, and if they differ with the trial court as to what actually did occur, such difference cannot be settled by affidavits or oral testimony.

But even if affidavits and oral testimony were admissible, for the purpose of showing that improper arguments were made by the attorney for the state in his closing argument, we could not consider the question here presented, because it is not incorporated in the petition in error, and therefore is not properly presented for our determination.

We find no material error in the proceedings of the trial court. The judgment is therefore affirmed.

ARMSTRONG and DOYLE, JJ., concur.