## DEARL GREEN v. STATE.

No. A-1321.   Opinion Filed February 1, 1913.

(129 Pac. 683.)

1.   **EVIDENCE—Evidence of Other Crimes—Admissibility.**   As a general proposition, testimony tending to disclose that a person on trial has committed any other crime than the one charged in the information, either as a foundation for a separate punishment, or as aiding the proofs that he is guilty of the one charged, is inadmissible.   But this rule is not applicable when the acts disclosed by such testimony are a part of the res gestae.

2.   **APPEAL—Review—Sufficiency of Evidence.**   When the testimony in the record clearly establishes the commission by the accused of the offense for which he was tried, and that every material error disclosed by the proceedings from their incipiency were in his favor, an appeal to this court for reversal of such conviction is useless.

(Syllabus by the Court.)

*Error from District Court, Tillman County;*
*J. T. Johnson, Judge.*

Dearl Green was convicted of felonious assault, and brings error.   Affirmed.

*F. H. Hurst, S. D. Tant,* and *H. P. McGuire,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., and *H. A. King,* Sp. Asst. Atty. Gen., for the State.

ARMSTRONG, P. J.   The plaintiff in error, Dearl Green, was tried in the district court of Tillman county on a charge of having feloniously assaulted R. L. McCarty with intent to do him great bodily harm and injury.   The trial resulted in his conviction and the imposition of a sentence of one year in the state penitentiary.

It appears from the testimony introduced at the trial that there had been some bad feeling between the prosecuting witness McCarty and the accused, Green, dating back for a period of

two years. The accused had been out of the state practically all of this time, but came back, and on the 18th day of May, 1910, .was attending a picnic in his neighborhood in Tillman county, and the prosecuting witness was also at the same picnic. In the afternoon the accused discovered the prosecuting witness walking in the direction of where he was sitting in his buggy preparing to leave the grounds. In the buggy was his brother, John Green, and Mrs. Green, his wife. When the prosecuting witness had approached within 40 or 50 feet of where accused was sitting, John Green spoke to the accused, directing that he shoot the prosecuting witness, and the accused immediately opened fire. At the first shot the prosecuting witness fell and attempted to crawl away from the scene, and while he was endeavoring to get away, with his back toward the accused, other shots were fired. A neighbor and kinsman of the prosecuting witness named Wildman walked up about this time, and John Green advised his brother to shoot him also, and he immediately, according to all the testimony except that of the accused, fired a shot at Wildman, who was backing away from the scene with his hands up, telling the accused not to shoot him. As soon as the shots were fired, the accused ran away from the scene and went back to Texas. He was later arrested near Vernon and brought back to Tillman county for trial.

There are a number of assignments of error brought, all of which are based on technical grounds. The first assignment is based upon the admission of testimony relative to the shot fired at Wildman. As a general proposition, the state cannot prove against the accused on trial any crime other than the one charged in the information, either as a foundation for a separate punishment, or as aiding the proofs that he is guilty of the one charged. There is no contention in this case that the proof as to the shot fired at Wildman was intended as a foundation for a separate punishment. The complaint is based upon the grounds that it was highly prejudicial and calculated to inflame the minds of the jury and influence their verdict in favor of conviction. But this shooting was almost simultaneous with the shooting at the prosecuting witness, and was admissible as a part of

the *res gestae*. All the proof shows that the shots were fired prac-
tically without any cessation. The only criticism we find justifi-
able in this connection is that the accused was not prosecuted for
shooting at McCarty and Wildman, and his brother, John Green,
jointly charged with him. If the assault upon Wildman was an
independent act and not connected with the assault upon McCarty,
he would have been guilty of two offenses and subject to separate
punishments. We are unable to conclude that he was injured by
reason of the fact that this proof was permitted to go to the jury,
under the facts disclosed by the record. If, as contended by his
counsel, accused was charged with shooting at McCarty, and
the proof showed that he shot at both McCarty and Wildman, in
all probability he escaped a double conviction; and the error was
in his favor rather than to his prejudice. The proof nowhere
indicates that there had been any assault, by word or action, by
the prosecuting witness upon the accused; but that the shooting
was a reckless, uncalled-for attempt upon his part to kill the prose-
cuting witness without justification or mitigation, and he was
exceedingly fortunate in two respects: First, in that he was
prosecuted for felonious assault with a dangerous weapon, in-
stead of assault with intent to kill; and, second, that his punish-
ment was fixed at one year instead of five.

The only other assignment of error is based upon the in-
structions of the court, which instructions are not above criticism,
but which, taken as a whole, fairly present the law, and are as
favorable to the accused as he was entiteld to receive.

This is one of many cases that occur in this state, wherein
a foolish boy, armed with a pistol, possessed of cowardice and
fear, without warrant of law, attempted to kill his neighbor.
Such persons are entitled to a fair trial, and when they have had
one a conviction will not be reversed by this court, in the ab-
sence of substantial prejudicial error—error from which a rea-
sonable man could legitimately conclude that the jury probably
reached an erroneous conclusion by reason of such error. In this
case the county attorney and court were exceedingly lenient.
The jury did its duty in finding the verdict. The court fixed
the punishment at one year. If there is any just ground for

complaint, it is upon the part of the people, and not upon the part of the accused. Crimes of this kind are not to be tolerated in a civilized country, and a reckless "pistol toter," and persons seeking an opportunity to commit offenses of this kind, had just as well understand that Oklahoma is not a healthy place in which to engage in such escapades.

The judgment is in all things affirmed.

DOYLE and FURMAN, JJ., concur.