## EARL HELM v. STATE.

No. A-2062.   Opinion Filed March 19, 1915.

(146 Pac. 1083.)

1.   TRIAL—Record of Proceedings—Examination of Jurors—Right of Accused.   The examination of jurors upon voir dire, and the challenges of counsel to any juror for cause or otherwise, and the exceptions to the rulings of the court on such challenges or otherwise, are part of the proceedings during the trial, and the defendant is entitled to have the same and all other proceedings, upon his demand or request, taken down by the court reporter and correctly transcribed for use in subsequent proceedings in the trial court, or upon appeal.

2.   APPEAL—Ground for Reversal—Transcript of Proceedings—Preserving Record of Trial.   If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any of the proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose

of incorporating such statement in the case-made, and the court refuses to comply with this request, such refusal will be held prejudicial error, without regard to the merits of the question, because it involves the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal.

(Syllabus by the Court.)

*Appeal from District Court, Jackson County;*
*Frank Mathews, Judge.*

Earl Helm was convicted of assault and battery, and appeals. Reversed.

*P. K. Morrill* and *W. T. McConnell,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.  The plaintiff in error, Earl Helm, was convicted at the March, 1913, term of the district court of Jackson county on a charge of assault with a sharp and dangerous weapon with intent to do bodily harm without justifiable or excusable cause, and his punishment fixed at imprisonment in the state reformatory at Granite for a period of six months.

We find it necessary to discuss only one assignment of error, which is based on the proposition that the court refused to require the reporter to take stenographic notes and preserve a proper record of certain proceedings had at the trial. It appears that the plaintiff in error, through his counsel, demanded that the court require the reporter to take down the *voir dire* examination of the jury, together with the challenges to each juror and the exceptions reserved to the rulings of the court. This request was denied by the court, and the exceptions were duly saved.

The examination of jurors upon the *voir dire,* and the challenges and exceptions of counsel in these examinations, are a part of the proceedings during the trial, and the defendant is entitled to have the same taken by the court reporter and correctly transcribed for use in subsequent proceedings in the trial court or upon appeal.  Section 1786, Rev. Laws 1910, is as follows:

"It shall be the duty of the court reporter to take down in shorthand and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any cause pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down, * * * upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

This statute has been passed on and construed by this court. In *Walker v. State,* 6 Okla. Cr. 370, 118 Pac. 1005, we said:

"If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any statement of attorneys, or other proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose of incorporating such statement in the case-made, and the court refuses to comply with this request, this may be shown by affidavits or other competent evidence; and such refusal, when so shown, will be held to be prejudicial error, without regard to the merits of the question, because it involves the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal."

An extensive discussion of this question is unnecessary. The Attorney General concedes that the judgment of the trial court should be reversed on this ground. Both the statutes and the holdings of this court are clear, and the rights of the plaintiff in error well defined. The trial courts should exercise sufficient diligence to follow the plain letter of the statute, especially when such statute has been construed and uniformly upheld by the appellate court.

The judgment is reversed, and a new trial awarded.

DOYLE, P. J., concurs. FURMAN, J., absent.