# WILLIAM J. TUDOR v. STATE.

No. A-2751.   Opinion Filed July 30, 1917.

Rehearing Denied September 25, 1917.

(167 Pac. 341.)

1.   **EVIDENCE—Other Offenses.** Upon the trial of a person charged with larceny of domestic animals, it is competent for the state to prove all the facts and circumstances in connection with the theft and which are calculated to shed light upon the truth of the matter in controversy, even though such facts may disclose the commission of other crimes. This rule does not permit the indiscriminate proof of other crimes, but is confined to the proof of such facts as may be pertinent to the issue, or are directly connected therewith.

2.   **TRIAL—Failure to Reduce Testimony to Writing—Prejudicial Error—Reversal.** (a) Under section 1786, Rev. Laws 1910, it is the duty of the trial court to require the court reporter to record and transcribe all of the proceedings had in the trial of a criminal case when requested so to do by any party in interest or his attorney, and the failure of the court so to do is made prejudicial error without regard to the merits of the matter in controversy.

    (b) When a record discloses the fact that the court failed to comply with this mandatory provision of the statute, a reversal will follow as a matter of course in this court, unless the whole record discloses facts sufficient to enable the court to determine the merits of the proposition counsel were endeavoring to save.

3.   **NEW TRIAL—Contents of Motion.** It is the duty of counsel to state specifically the grounds upon which he expects to base error in the motion for a new trial in order that the trial court may have an opportunity to correct any fatal mistake that may have been made during the trial.

4.   **APPEAL AND ERROR—Review—Assignment of Errors.** An assignment of error based upon the action of the court in over-ruling the challenge for cause to any juror cannot avail on appeal unless the record affirmatively shows that the defendant had exhausted his peremptory challenges, and that by reason of the action of the court his rights were prejudiced.

5.   **TRIAL—Instructions—Sentence.** It is the duty of a trial court, when requested so to do by counsel for defendant, to instruct

the jury to fix the punishment and define to them the correct penalty prescribed by law for the offense charged. In the absence of any such request, however, the court is authorized to pronounce judgment on the general verdict of guilty.

6.    APPEAL AND ERROR—Fundamental Error. When a careful consideration of all the facts and circumstances disclosed by the record lead unerringly to the conclusion that an honest jury could reach no other conclusion than that of guilt, this court will not reverse the judgment of conviction in the absence of fundamental error.

*Appeal from District Court, Texas County;*
*W. C. Crow, Judge.*

William J. Tudor was convicted of larceny of domestic animals, and appeals. Affirmed.

*W. G. Hughes* and *Charles L. Moore,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J.   William J. Tudor was convicted in the district court of Texas county on a charge of larceny of domestic animals, and his punishment fixed at ten years' imprisonment in the state penitentiary. He appeals to this court for a reversal of the judgment.

The information charges the larceny of two mules in Texas county, Okla., on the 22d day of February, 1914, the property of J. M. Kimbriel.

The proof discloses the fact that Kimbriel lived in Texahoma; that on the night of February 21st a team of mules owned by him was brought to town and placed in his barn; that on the morning of the 22d of February they were gone. A search was made, but no trace of the animals could be found. Complaint was made to the sheriff of Texas county, who in turn notified a number of officers in adjoining counties, giving a description of the team. A few days thereafter the sheriff notified Kimbriel that a

team answering the description of his had been located in Beaver county, and asked him to go and identify them. He went in company with the sheriff and found the team to be his. A deputy sheriff in Beaver county and another citizen had arrested Tudor the night before. After getting him in an automobile and starting to Beaver City, the county seat, Tudor assaulted the officer and escaped, but was recaptured the next day. The sheriff of Texas county and Kimbriel went to the place where the mules were located; and there found a wagon containing a number of other articles which the proof disclosed had been stolen about the same time the mules disappeared. After the recapture of Tudor he was taken to Texas county and confined in the county jail, and admitted to Deputy Sheriff Lyle and County Attorney Anderson that he had stolen the team, and said he was going to plead guilty to the charge. At the trial he interposed a defense of alibi and introduced a number of witnesses to establish the fact that he was in Guymon upon the night of the theft and was there all night.

The jury, after hearing all of the testimony, found him guilty, and the court assessed his punishment at ten years' imprisonment in the state penitentiary.

Among the numerous assignments of error set up we will endeavor to discuss those of consequence.

It is first contended that the court erred in admitting testimony disclosing the theft of other property in addition to the mules. The testimony complained of was given by the officers who made the arrest and other witnesses who were interested. At the time the plaintiff in error was traveling through the country in a wagon in which were certain stolen articles which were recovered

and afterwards returned to their owners. There was no error in admitting this testimony. It was a part of the *res gestae*. He had stolen the team of mules, the other property, and was escaping from the country with them. All of the facts and circumstances in connection with the transaction, including all the stolen property in his possession at the time of the arrest, his escape from the officers, and his admission of guilt, were properly allowed to go to the jury. Some few details in connection with the other thefts probably should have been excluded, but there is no prejudicial error in the ruling of the court sufficient to warrant a reversal of the judgment on that ground. The general rule that a defendant on trial cannot be shown to have committed other crimes is not applicable when the facts are a part of the *res gestae* or have material bearing upon the issues under consideration. See *Green v. State,* 8 Okla. Cr. 595, 129 Pac. 683; *Hampton v. State,* 7 Okla. Cr. 291, 123 Pac. 571, 40 L. R. A. (N. S.) 43; *Tempy v. State,* 9 Okla. Cr. 446, 132 Pac. 383.

The next assignment of error is based upon the proposition that the court erred in refusing to require the court reporter to record the *voir dire* examination of the jurors. The record discloses the following in this connection:

"Mr. Hughes (after a number of the jurors had been examined by the state and passed by the court) : I thought the examination was being taken by the reporter and asked that it be done.

"The Court: Go ahead; it is not done anywhere else, and it is not necessary to do it here.

"Mr. Hughes: We except to the remarks of the court and request that this examination be taken."

The action of the court in this connection was error. The only question is whether or not this judgment should

be reversed upon this ground. Ordinarily the failure of the court to require the reporter to take down all of the proceedings had at the trial, when so requested, is reversible error, regardless of the merits of the particular matter in controversy.

Section 1786, Rev. Laws 1910, is as follows:

"It shall be the duty of the court reporter to take down in shorthand and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down, * * * upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof."

This section is a plain and unequivocal mandate of the lawmaking power, and it is the duty of the trial courts to observe the same in order that the public may not be charged with unnecessary expense of second trials, and, further, that fairness and impartiality may be observed in all proceedings had in the trial of a criminal case. The trial court evidently overlooked the mandatory provisions of the statute and the opinions of this court construing it.

In *Lamm et al. v. State,* 4 Okla. Cr. 641, 111 Pac. 1002, it is said:

"Section 1, art. 7, of the Session Laws of Oklahoma, 1905, p. 326, gives to either party to a trial the right to demand of the court that the court stenographer shall take down in shorthand any statement made by any party to such trial which might properly be a part of the case-made for appealing or proceeding in error; and if the court refuses to comply with such demand, the matter may be preserved in the record by affidavits or by any other competent evidence, and such refusal upon the part of the trial court will be ground for reversal, without regard to the merits thereof.

"Any party to a cause has the right to demand that the court stenographer shall be required to take down any matter which may transpire at the trial, when such matter, if objected to, is such that it may properly be made a part of a case-made for appeal or proceeding in error."

In *Walker v. State*, 6 Okla. Cr. 370, 118 Pac. 1005, it is said:

"If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any statement of attorneys, or other proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose of incorporating such statement in the case-made, and the court refuses to comply with this request, this may be shown by affidavits or other competent evidence; and such refusal, when so shown, will be held to be prejudicial error, without regard to the merits of the question, because it involves the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal."

All of the opinions involving this question written by this court since those cited, *supra,* adhere strictly to this doctrine.

The record before us, however, discloses the fact that only three jurors were objected to. The examination of

these jurors was taken by the reporter and included in the record. This being true, it is impossible to conceive that prejudice resulted from the action of the court.

In the motion for new trial no specific assignment of error is based upon the action of the court in this connection, nor is any specific assignment in the petition in error based upon this proposition. Counsel endeavor to avail themselves of this question under the general assignment that there were irregularities in the proceedings of the court in the trial of this cause which prevented the plaintiff in error from having a fair and impartial trial. This allegation in the motion for a new trial and in the petition in error probably would be sufficient to preserve the question for review if the record indicated that any injury resulted by reason of this action. Counsel should have called the attention specifically to this proposition in the motion for a new trial instead of relying on generalities.

The trial court evidently reconsidered his first statement that the reporter would not be required to take the *voir dire* examination and required him to take it, because the record discloses that certain portions of this examination were taken and all of the examination of which there is any complaint made was taken.

After considering the whole record, we conclude that this judgment should not be reversed upon this ground. The trial courts, however, are warned against the practice complained of. The law entitles a defendant to have every utterance during the trial recorded and transcribed if he so desires, and no trial judge has the authority to deny him this privilege. The fact that the record before us is

sufficiently complete to enable us to determine the merits of this matter is the only ground upon which the judgment can stand.

The next assignment is based upon the action of the court in overruling challenges for cause to Jurors Isham, Davidson, and Arnold.

This assignment is not tenable, for the reason that the record fails to show that the defendant had exhausted his peremptory challenges. Before he would be entitled to complain of any person sitting as a juror in the trial of his case he is first required to show that he has exhausted his peremptory challenges, and, by reason of the court failing and refusing to sustain challenges for cause, has been denied the right of trial by a fair and impartial jury as the law provides. All of the jurors complained of, except probably one, were qualified under the doctrine declared by this court in many cases, the last being *Horn v. State*, decided at the May term of the court, 13 Okla. Cr. 354, 164 Pac. 683.

The next assignment to be discussed is based upon the proposition, that the court erred in failing to instruct the jury that the punishment fixed by the law for the crime charged was not less than two years nor more than ten years in the state penitentiary.

The record fails to disclose the fact that counsel requested any such instruction. The jury returned a general verdict of guilty, and the court fixed the punishment.

This court has uniformly held to the doctrine that the failure or refusal of a trial court to instruct the jury to fix the punishment and advising them clearly what the punishment provided by law is in any criminal case, when so requested, is reversible error.

Section 5933, Rev. Laws 1910, provides:

"In all cases of a verdict of conviction for any offense against any of the laws of the State of Oklahoma, the jury may, and shall upon the request of the defendant, assess and declare the punishment in their verdict within the limitations fixed by law, and the court shall render a judgment according to such verdict, except as hereinafter provided."

In addition to this, section 5934, Rev. Laws 1910, provides:

"Where the jury find a verdict of guilty, and fail to agree on the punishment to be inflicted, or do not declare such punishment by their verdict, the court shall assess and declare the punishment and render the judgment accordingly."

These statutes have been construed by this court in numerous opinions, among which are *Chandler v. State*, 3 Okla. Cr. 263, 105 Pac. 375, 107 Pac. 735; *Blair v. State*, 4 Okla. Cr. 366, 111 Pac. 1003. The identical question, however, has not been before the court heretofore.

While we think it is a better practice that the court, in his instructions to the jury, tell them what the punishment provided by law is for the crime on trial, yet it is not necessarily fatal to the judgment for the court to fail to do so when no request is made therefor. In the instant case the court properly pronounced the judgment and sentence, and after a careful review of all the facts and circumstances disclosed by the record we feel that the judgment, although the maximum, is no more than should have been imposed.

The trial courts are not to confuse the doctrine here announced with that promulgated in *Oelke v. State*, 10 Okla. Cr. 49, 133 Pac. 1140. In the Oelke Case the de-

fendant specifically requested the court to instruct the jury that in the event they found a verdict of guilty they should assess and declare the punishment. The jury returned a verdict of guilty, but failed to fix the punishment, and we held that the court should have required the jury to render a formal verdict showing that they were unable to agree upon the punishment. The record in the Oelke Case properly discloses the fact that counsel objected to the reception of the verdict in the form in which it was rendered by the jury, after having requested the court to submit the question of punishment to the jury. The rule in the Oelke Case is correct, but it is not applicable to the record before us.

It is next urged that the judgment should be reversed because the trial court considered, for the purpose of enabling him to arrive at a just punishment, the fact that the plaintiff in error had been convicted of crime and sentenced to serve a term in the penitentiary in the State of New Mexico. This assignment is without merit.

Upon a careful consideration of the entire record in this case, we feel that it would be a miscarriage of justice to reverse this judgment, and that while the irregularities complained of may contain some merit, they were not prejudicial to the substantial rights of the accused. It is absolutely clear that no honest and intelligent jury, under the facts, would render a different verdict upon a retrial of the cause.

The judgment is affirmed.

DOYLE, P. J., and MATSON, J., concur.