## E. A. EWING v. STATE.

No. A-3457.   Opinion Filed June 14, 1920.

(190 Pac. 274.)

(Syllabus.)

1.    **APPEAL AND ERROR—Prejudicial Error—Evidence and Argument.** Where incompetent, irrelevant, and immaterial evidence is admitted over proper objection and exception of defendant's counsel, and improper remarks are made by the county attorney clearly outside the record, and are properly excepted to, and it is apparent to this court upon an examination of the entire record that such errors probably resulted in a miscarriage of justice, and were prejudicial to the substantial rights of the defendant, the judgment of conviction will be reversed.

2.    **TRIAL—Record of Argument.** When timely request is made,

the trial court should order the court reporter to take down in shorthand the argument of counsel.

*Appeal from County Court, Lincoln County;*

*Ira E. Billingslea, Judge.*

E. A. Ewing was convicted of the crime of assault and battery, and he appeals. Reversed and remanded.

*Jarrett & Speakman* and *Erwin & Erwin.* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall,* Asst. Atty. Gen., for the State.

PER CURIAM. This is an appeal from the county court of Lincoln county, wherein the defendant was convicted of the crime of assault and battery, and his punishment fixed at a fine of $75.

The defendant was charged with an assault and battery upon one Marie Evans, a girl 13 years of age, whose parents were tenants upon the defendant's farm, and lived close to the home of the defendant. The prosecuting witness and her 11 year old brother testified that the defendant put his arm around the prosecuting witness and pinched her on the breast.

The defendant denied having in any way willfully touched the prosecuting witness, but stated that he had attempted to grab a letter out of her hand, and the prosecuting witness jumped away from him, and that he had never treated her in a rude or insolent manner. The defendant had six or seven witnesses who testified to his good reputation for peace and as a law-abiding citizen. This evidence was controverted by two witnesses, one of

whom had had some controversy with the defendant, and the other the grandfather of the prosecuting witness.

During the progress of the trial, the court, over the objection and exception by the defendant, permitted a witness to testify that the defendant on one occasion had attempted to persuade such witness to have sexual intercourse with the prosecuting witness. This alleged conversation occurred some time after the alleged commission of this offense, and was in no way connected with it, and nothing said in such conversation in any way tended to explain the offense for which the defendant was upon trial, or nothing detailed by said witness amounted to an admission of guilt by the defendant of the alleged offense, and was clearly incompetent, irrelevant, and immaterial evidence, and in the opinion of this court was prejudicial to the substantial rights of the defendant, and the objection of counsel for the defendant to the admission of such evidence should have been promptly sustained, and the evidence excluded.

It also appears from the record that the county attorney, in his opening statement and during the examination of the witnesses, and in the closing argument to the jury, made certain remarks that this alleged offense was one of a series of offenses that had "continued down there for two years, and that this defendant has during this time persisted in his attempts to ruin this girl." There was no theory in the trial of this case upon which evidence of other similar offenses was admissible, and the court excluded such evidence upon the trial, and the statement in the closing argument of the county attorney was clearly outside the record, and was improper argument, and the court should have instructed the jury not to consider the same, when the objec-

tion was made thereto by counsel for the defendant. The action of the trial court in refusing so to instruct the jury was also, in the opinion of this court, prejudicial to the defendant.

It also appears in the record that after the county attorney, in his closing argument to the jury made certain remarks which counsel for the defendant considered to be improper and prejudicial, request was made by counsel for the defendant to have the court reporter take down in shorthand the further argument of the county attorney. This request was denied by the trial court, and an exception taken thereto. This action by the trial court was erroneous.

This court has held that upon request counsel for either side have the right to have the stenographer take down in shorthand the argument of opposing counsel, and the refusal of the court to comply with such request constitutes ground for reversal of the judgment without regard to the merits of the case. *Tudor v. State,* 14 Okla. Cr. 67, 167 Pac. 341; *Miller v. State,* 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088; *Walker v. State,* 6 Okla. Cr. 370, 118 Pac. 1005; *Lamm et al. v. State,* 4 Okla. Cr. 641, 111 Pac. 1002.

This is a closely contested case upon the facts, but there is evidence in the record which would amply support the verdict. An examination of this record, however, convinces the court that the remarks and insinuations made during the progress of the trial of this cause tended in no small degree to arouse the prejudices and passions of the trial jurors, in view of the fact that the defendant was charged with having assaulted a child of tender years. ,

The prosecution was not commenced until three months after the commission of the alleged offense, although the parents of the prosecuting witness admitted to have obtained information of its alleged commission upon the very next day after it was supposed to have been committed. During the interim between the alleged commission of the offense and the institution of this prosecution, the families of the prosecuting witness and the defendant maintained friendly relations. The mother of the prosecuting witness testified that "neighborhood gossip" was the instigating cause of the prosecution. Before such gossip became current, the matter never assumed serious consequences so far as the parents of the prosecuting witness were concerned.

The defendant was a man who evidently bore a good reputation for peace and as a law-abiding citizen in his neighborhood, and had lived in that community for upwards of 20 years. He had never before been charged with crime, and in view of the errors heretofore pointed out, it is the opinion of this court that the defendant did not receive that fair and impartial trial accorded to him under the laws of this state.

For the reasons stated, the judgment of conviction is reversed, and the cause remanded to the county court of Lincoln county for further proceedings in accordance with law.

DOYLE, P. J., and ARMSTRONG, J., concur.