# C. F. BRAMBLE v. STATE.

No. A-5757.  Opinion Filed May 14, 1927.
(255 Pac. 1104.)

D. E. Ashmore and Don Cameron, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the superior court of Okmulgee county on a charge of grand larceny, and sentenced to serve a term of three years in the state penitentiary.

The information charges that defendant did take, steal, and carry away ten joints of pipe, of the value of $250, the property of W. B. Pine.  It is first argued that the court erred in refusing a continuance on account of the absence of the wife of defendant, who was sick.  The

evidence discloses that this witness had been sick for a year or more. Before the calling of this case for trial, she had attended court, but had fainted and was taken to her home, and was too ill to be present and testify. Strict diligence probably would require defendant to have taken a deposition of this witness. Under the cicrumstances shown her testimony, taken at the preliminary, might have been conceded by the state. A reasonable postponement, under these circumtsances, should have been allowed.

It is further contended that during the course of the trial, the trial judge on several occasions manifested hostility toward defendant and his counsel and made prejudicial comments in the presence of the jury. This contention appears to be sustained by the record. We will not set out the various remarks made by the court, but, from the trend of his cross-examination of defendant and his witnesses, the jury must have believed he was convinced of defendant's guilt. A defendant, whether guilty or innocent, has a constitutional right to have a fair trial. The courts are not partisan of the state nor of an accused. The trial judge, of course, is not a mere umpire, but should control the proceedings before him, but in doing so should treat both sides with equal fairness and impartiality. Because of the position occupied, jurors naturally are easily influenced by any statement by a trial judge, or by the manner in which he treats a defendant or his counsel. He should refrain from statements or comments on the evidence, or concerning the parties or witnesses, from which the jury might learn his views as to the credibility of the witnesses or the merits of the case.

Substantial justice requires that this case be reversed, and the defendant awarded a new trial.

DOYLE, P. J., and DAVENPORT, J., concur.