## TOM GOOD v. STATE.

No. A-6415. Opinion Filed March 20, 1928.
(264 Pac. 920.)

M. Bristow and H. W. Morgan, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DOYLE, P. J. Plaintiff in error, Tom Good, was convicted on a charge that he did sell one pint of whisky to W. F. Dunaway for $2, the jury leaving the punishment to be assessed by the court. Motion for new trial was duly filed and overruled, and he was sentenced to pay a fine of $200 and to imprisonment for 60 days in the county jail. From the judgment he appeals.

The errors assigned question the sufficiency of the evidence to support the verdict and assert that the punishment imposed was excessive.

The testimony of W. F. Dunaway and Walter Sledge, deputy sheriffs, shows that with Bickerstaff, another deputy sheriff, they visited the defendant's restaurant in the town of Apache; Bickerstaff claimed to be sick, and they asked the defendant for some whisky; that Dunaway paid him $2 for a pint of whisky.

As a witness in his own behalf, Tom Good testified that he had lived in Apache 25 years, during which time he conducted a farm, blacksmith shop, and now a restaurant; that, when these parties came in, there was not a drop of whisky in the house, that they asked him if he could get them some whisky, and he told them he did not know where they could get any whisky; that they went out, and about an hour later came back and said, "You can get us some whisky, we have got to have it," and he told them he did not know where to get it; that later two of them came back and ordered another lunch, and said the other fellow could

not come, "he has gone down on us," and, as a favor, he went across the street and got a pint of whisky for them.

Several witnesses testified that they knew the reputation of the defendant in that community as a law-abiding citizen for many years, and that reputation was good.

It has been repeatedly held by this court, where the defendant claims that he merely acted as the agent of the purchaser in procuring prohibited liquor, such claim will not constitute a defense. It rather shows that he is guilty upon his own testimony. Lamm v. State, 4 Okla. Cr. 641, 111 P. 1002; Buchanan v. State, 4 Okla. Cr. 645, 112 P. 32, 36 L. R. A. (N. S.) 83.

It follows that the evidence is clearly sufficient to sustain the verdict. However, in view of the disclosures in the record, we are impelled to the conclusion that substantial justice requires a modification of the judgment.

It is therefore considered that the sentence of the lower court be, and is hereby, modified by assessing the punishment at imprisonment for 30 days in the county jail and to pay a fine of $50, and said fine, if not paid, to be satisfied by imprisonment, as provided by law, and thus modified, the judgment of the county court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.