A. L. MELTON v. STATE.

No. A-8368. June 4, 1932.
(12 Pac. [2d] 251.)

John L. Hodge, for plaintiff in error.

J. Berry King, Atty. Gen., and Gus Rinehart, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter referred to as defendant, was convicted in the district court of Carter county of the crime of stealing an automobile, and his punishment fixed by the jury at imprisonment in the state penitenitary for a period of 11 years at hard labor.

Defendant contends first that the court erred in overruling his demurrer to the information for the reason that it is contradictory, repugnant, and undertakes to charge two offenses in one and the same count.

The true test of the sufficiency of an indictment or information is not whether it might possibly have been made more certain, but whether it alleges every element of the offense undertaken to be charged and sufficiently apprises the defendant of what he must be prepared to meet. Sections 2555, 2564, and 2943, C. O. S. 1921; Warren v. State, 24 Okla. Cr. 6, 215 Pac. 635; Martin v. State, 35 Okla. Cr. 248, 250 Pac. 552; McGhee v. State, 49 Okla. Cr. 387, 294 Pac. 649; Sexton v. State, 49 Okla. Cr. 395, 294 Pac. 652; Burns v. State, 49 Okla. Cr. 396, 294 Pac. 653.

Under these authorities the information, although not in the best form, was sufficient to charge the offense.

It is next contended that the court denied to defendant that fair and impartial trial guaranteed by the Constitution and the laws of the state.

It appears from the record that the defendant was arrested in May, 1931, and placed in the county jail; that a complaint was filed before a magistrate shortly thereafter and on arraignment defendant waived preliminary hearing and was held to appear in the district court; that an information was filed against him on the 12th day of November, 1931; that during all this time he was in jail and unable to make bond; that he was arraigned on the 13th day of November; that he was accompanied by John L. Hodge, an attorney, who advised the court that he did not represent defendant, but that defendant desired to demur and, upon such demurrer being overruled, that he desired to waive further time and enter a plea of not guilty, and told the court that Archie Horn, who was confined in the county jail and in the custody of the state, was a material witness and he desired him to be brought into court to testify when the case came on for trial, at which time the court said: "We will see about that at the proper time."

Defendant also stated he wanted to have his father there, and did not know whether he could be ready for trial at that time, to which the court said:

"All right, we will see at that time. Mr. Melton, be ready for trial on the 17th day of November, 1931."

On the 17th day of November, the case was called for trial; the state appeared by Marvin Shilling, county attorney, and the defendant appeared in person, and stated

to the court that he had theretofore been unable to employ counsel and that the court had then indicated the appointment of John L. Hodge, who was thereupon by the court appointed counsel for defendant. It further appears that defendant's counsel then stated that he had had no time to prepare the defense, and that because of the absence of Archie Horn, who was confined in the county jail and was a material witness, he had been unable to proceed to trial, and asked the court to fix another day during the term for the trial, and issue process to bring the witness Archie Horn into court. Thereupon, the court overruled the application for a continuance and the request to bring the witness Archie Horn into court.

After a jury was impaneled, counsel renewed the demurrer to the information and renewed his application for an order of court to the sheriff to bring the witness Archie Horn into court, stating that although Horn was jointly charged with defendant in the commission of the offense, the state had dismissed the case against Horn and he was therefore available and eligible to testify for the defendant, and offered in evidence a letter from Horn to defendant, in which Horn stated that he had stolen the car; that defendant knew nothing about it; and that if he was brought into court he would plead guilty to the charge.

Under this assignment, defendant has two specifications of error:

1. Abuse of discretion of the court in refusing to have the witness Archie Horn brought in to testify for defendant.

The fact that defendant was arraigned on the 13th day of November and forced to go to trial on the 17th, and the failure of the court to keep his promise to have

the witness Archie Horn brought into court at the time of trial, discloses a disposition on the part of the court to arbitrarily force defendant into a speedy trial without sufficient time to prepare his defense.

The overruling of defendant's application to bring the witness Horn into court was, under these circumstances, an abuse of discretion.

2. Error of the court in refusing defendant permission to have the stenographer take and make a record of the proceedings covering the dispute over the rebuke of counsel in the presence of the jury.

Section 3065, C. O. S. 1921, gives this right in criminal as well as civil cases. Corliss v. State, 12 Okla. Cr. 526, 159 Pac. 1015.

In Lamm v. State, 4 Okla. Cr. 641, 111 Pac. 1002, this court said:

"Any party to a cause has the right to demand that the court stenographer shall be required to take down any matter which may transpire at the trial, when such matter, if objected to, is such that it may properly be made a part of a case-made for appeal or proceeding in error."

In Walker v. State, 6 Okla. Cr. 370, 118 Pac. 1005, this court said:

"If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any statement of attorneys, or other proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose of incorporating such statement in the case-made, and the court refuses to comply with this request, this may be shown by affidavits or other competent evidence; and such refusal, when so shown, will be held to be prejudicial, without regard to the merits of the question, because it involves

the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal." Miller v. State, 9 Okla. Cr. 255, 131 Pac. 717, L. R. A. 1915A, 1088; Corliss v. State, supra; Tudor v. State, 14 Okla. Cr. 67, 167 Pac. 341; Wiswell v. State, 14 Okla. Cr. 517, 173 Pac. 662; Ewing v. State, 17 Okla. Cr. 690, 190 Pac. 274.

In Hodo v. State, 42 Okla. Cr. 65, 274 Pac. 688, this court held that it was not always error for a trial court to refuse to have the entire record taken, but that it was error for a court to arbitrarily refuse to have objections of counsel and proper parts of the record taken by the reporter.

In the case at bar, the court refused to have the stenographer brought into court to take the record objected to by counsel, although proper demand for the same was made, stating at that time, "All that counsel says is true," and promising a bill of exceptions. When the time came to sign the bill of exceptions, the court refused to sign the same without eliminating that which defendant's counsel contended was the heart of the error.

Counsel had the right to request the court to have the stenographer take the matter in dispute, and it was prejudicial error for the court to refuse such request.

"Courts should scrupulously maintain the right of every litigant to an impartial and disinterested tribunal for determination of his rights; and the judges presiding over such courts should be unbiased, impartial, and disinterested in the subject-matter in litigation, and all doubt and suspicion to the contrary must be jealously guarded against, and, if possible, eliminated." Dennison v. Christopher, 19 Okla. Cr. 467, 200 Pac. 783; Tucker v. State, 9 Okla. Cr. 555, 132 Pac. 689.

Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial accord-

ing to due and orderly course of law. It is a duty resting upon the courts to see that the guaranty of such trial shall be upheld and sustained. Bramble v. State, 37 Okla. Cr. 35, 255 Pac. 1104.

When the record shows that defendant did not have a fair trial, the cause will be reversed. Green v. State, 6 Okla. Cr. 585, 120 Pac. 667; Watson v. State, 7 Okla. Cr. 590, 124 Pac. 1101; Dupree v. State, 10 Okla. Cr. 65, 134 Pac. 86; Bramble v. State, 37 Okla. Cr. 35, 255 Pac. 1104.

When the whole record is considered in the case at bar, it is apparent that defendant did not have that fair and impartial trial guaranteed to him by the Constitution and the laws of the state.

There are other assignments, but as the case must be reversed by reason of the errors complained of, we deem it unnecessary to pursue the matter further.

The judgment is therefore reversed.

EDWARDS, J., concurs. DAVENPORT, P. J., not participating.