## ANTRIM v. STATE.

No. A-11213.   July 26, 1950.

(220 P. 2d 846.)

Wilson & Wilson, Frederick, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, P. J. The defendant, Cecil Antrim, was charged by an information filed in the county court

of Tillman county with the unlawful operation of a slot machine, was tried and pursuant to the verdict of the jury was sentenced to pay the minimum fine of $50, and has appealed.

It is first argued that the evidence was insufficient to sustain the conviction.

Mr. Morey, a deputy sheriff, testified that he knew the defendant and that the defendant dealt in nickelodeons and marble machines which were placed in cafes and other places in Tillman county, and in addition operated a beer tavern; that on October 21, 1948, Morey went into a restaurant operated by T. E. Hall and played the pin ball machine there located; that he played a total of 30 cents in nickles in said machine and during the course of playing them received two free games from the operation of said machine; that he and the under-sheriff carried the machine to the sheriff's office; that the defendant was brought to the sheriff's office some time later for the purpose of unlocking the machine in order to remove the money that was therein contained; that the defendant worked with the machine a few minutes while they had it opened and that after the defendant had left the witness played the machine but it would not give free games; that he investigated and found three prongs had been bent which prevented it from giving free games.

T. E. Hall and two waitresses testified that the marble machine had been placed in Paul's Cafe by the defendant and that the machine belonged to the defendant; that the defendant came into the cafe about once a week to open the machine and pick up the nickels which he divided with Hall.

The defendant testified in his own behalf that he had 60 or 65 machines similar to the one seized by the officers on October 21st; that none of the machines were set for paying free games; that, on the contrary, they were set to where they could not pay free games; that he had been advised by the county attorney and Deputy Sheriff Morey that machines which gave free games would not be allowed in Tillman county and for that reason his machines were all set to where they would not give free games. He denied that he tampered with the machine in any way at the time he opened it at the request of the deputy sheriff in order to allow the deputy sheriff to remove the money from the machine.

This prosecution was under the 1939 law, 21 O.S. 1941 §§ 964-977. The argument of defendant is based upon the question as to whether the machine would pay off in free games for a high score. There was a controversy as to this fact. However in the case of Prickett v. State, 88 Okla. Cr. 213, 200 P. 2d 457, this court specifically held that a marble or pin ball machine similar to the one in question was illegal under the statutes regardless of whether a free ball or free game was given. This decision was rendered after the arrest of the defendant. In the opinion on rehearing rendered in Prickett v. State, supra, 88 Okla. Cr. 232, 201 P. 2d 798, this court recognized that there was some confusion existing in the state over the legal question as to whether pin ball machines which did not give free games were illegal because of the wording of one of the opinions which interpreted a section of the 1939 law herein involved. However, in the Prickett case this court overruled all decisions in conflict with that opinion. In accordance with that opinion it is the established law that under the 1939 enact-

ment the operation of pin ball machines was illegal regardless of whether they gave free games for a high score.

It is argued that the trial court committed error in not permitting the defendant to cross-examine the witness Morey as to why he had not prosecuted T. E. Hall who was the owner of the cafe where the marble machine in question was located. We agree with the contention of counsel for the defendant that under the record Mr. Hall was equally guilty along with the defendant Antrim because under Hall's own testimony he permitted the machine to be set up and operated in his place of business for a share of the proceeds. However, the fact that Mr. Hall may have been equally guilty does not minimize the guilt of Antrim. The defendant was given only the minimum sentence and he was admittedly guilty of the charge filed against him. Assuming, but not deciding, that the court erred in not allowing a more extensive cross-examination of the witness Morey concerning his failure to prosecute Hall, such error could only be considered as harmless and not affecting the question of the guilt or innocence of the accused.

Lastly, it is contended that the trial court committed error in denying the request of counsel for the defendant made before the commencement of the trial that a record of the trial be taken in shorthand by a reporter. The record discloses that at the time this request was made the court denied the same for the reason he had arranged for the proceedings at the trial to be taken on a mechanical wire recording machine. The defendant objected to the use of said machine, but his objection was overruled and exception allowed.

The question raised by counsel is a novel and interesting one and so far as our research has been able to ascertain is one of first impression in this state.

20 O.S. 1941 § 108 provides:

"It shall be the duty of the court reporter to take down in shorthand, and to correctly transcribe, when required, all the proceedings upon the trial of any cause, as well as all statements of counsel, the witnesses or the court, made during the trial of any cause or with reference to any cause pending for trial, when required by a party or attorney interested therein, and all other matters that might properly be a part of a case-made for appeal or proceeding in error. An attorney in any case pending shall have the right to request of the court or stenographer that all such statements or proceedings occurring in the presence of the stenographer, or when his presence is required by such attorney, shall be taken and transcribed. A refusal of the court to permit, or, when requested, to require any statement to be taken down by the stenographer, or transcribed after being taken down, upon the same being shown by affidavit or other direct and competent evidence, to the Supreme Court, shall be deemed prejudicial error, without regard to the merits thereof. R.L. 1910, § 1786."

The many cases which discuss this statute arose because of the failure of the trial court to require a reporter to take down all the proceedings of the trial *and there was no other way in which a record of the proceedings was made.* In Helm v. State, 11 Okla. Cr. 404, 146 P. 1083, this court held:

"If the attorney for a defendant requests the trial court to direct the court stenographer to take down and transcribe any of the proceedings occurring in the presence of the court which constitute a part of the trial, for the purpose of incorporating such statement in the case-made, and the court refuses to comply with this request, such refusal will be held prejudicial error, without regard to the merits of the question, because it involves the right of a defendant to prepare and present a fair statement of what occurred in the trial court for review upon appeal."

However, in Tudor v. State, 14 Okla. Cr. 67, 167 P. 341, 342, it is held:

"Under section 1786, Rev. Laws 1910, it is the duty of the trial court to require the court reporter to record and transcribe all of the proceedings had in the trial of a criminal case when requested so to do by any party in interest or his attorney, and the failure of the court so to do is made prejudicial error without regard to the merits of the matter in controversy.

"When a record discloses the fact that the court failed to comply with this mandatory provision of the statute, a reversal will follow as a matter of course in this court, unless the whole record discloses facts sufficient to enable the court to determine the merits of the proposition counsel were endeavoring to save."

In the body of the opinion it is stated:

"After considering the whole record, we conclude that this judgment should not be reversed upon this ground. The trial courts, however, are warned against the practice complained of. The law entitles a defendant to have every utterance during the trial recorded and transcribed if he so desires, and no trial judge has the authority to deny him this privilege. The fact that the record before us is sufficiently complete to enable us to determine the merits of this matter is the only ground upon which the judgment can stand."

We are not here concerned with the question as to whether a wire recording machine which takes down a record of all the proceedings in the case which is later transcribed by the court reporter from listening to the recording by the machine, or whether shorthand notes taken by a reporter and later filed as a part of the records in the case is the most efficient. We know of at least one court where the reporter takes the proceedings on a stenotype machine, but such practice has never been questioned.

We do not feel that it is necessary to pass upon this question herein for the reason that counsel for the defendant signed the following stipulation which appears in the case-made:

"We, the undersigned, hereby certify that the foregoing case-made contains a full, true, correct and complete copy of the transcript and all the proceedings in said cause, including all pleadings filed and proceedings had, all the evidence offered and introduced by both parties, all orders and rulings made and exceptions allowed, and all of the record upon which the judgment and order of the court in said cause was made and entered, and that the same is a full, true, correct and complete case-made.

"Witness our hands this 24th day of March, 1949.

"/s/ Howard M. McBee
"Attorney for the Plaintiff

"/s/ John B. Wilson, Jr.
"Wilson & Wilson
"Attorney for the Defendant."

In view of this stipulation that the case-made contains all of the evidence and is a true and complete case-made, we are thus enabled to properly consider all assignments of error. Courts are created for the purpose of administering justice. It would be a mockery if this court should hold that the mere failure of the trial court to require a reporter to take down in shorthand a record of the proceedings was reversible error where counsel for the accused have entered into a written stipulation that the case-made, which was filed in connection with the appeal, was full, complete and accurate.

Under all the facts and circumstances in this case, and under the law as we have heretofore construed it in Prickett v. State, supra, it is apparent that the guilt of the defendant was conclusively established and that

the judgment and sentence of the county court of Tillman county should be sustained.

It is so ordered.

BRETT and POWELL, JJ., concur.