THE PRAIRIE OIL AND GAS COMPANY, Appellee, *vs.* AUGUST EHRHARDT, County Treasurer, Appellant.

*Opinion filed April 21, 1910.*

1. TAXES—*personal property in transit through taxing district cannot be taxed.* Personal property actually in transit through a taxing district has no situs there for the purposes of taxation, even though there is no express exemption to that effect in the Revenue law.

2. SAME—*crude oil in transit through State by pipe line is a subject of inter-State commerce and not taxable here.* Crude oil in transit through the State of Illinois from one foreign State to another by means of a pipe line, and which is kept moving as constantly as practicable by means of force pumps and equalizing tanks, is a subject of inter-State commerce and is not taxable in the taxing districts of Illinois through which it passes.

3. SAME—*property, to be exempt, need not be in charge of carrier engaged in inter-State commerce.* In order that property in transit may be exempt from local taxation as a subject of inter-State commerce it is not essential that it be in charge of some common carrier engaged in that class of business.

APPEAL from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

GEORGE A. BARR, State's Attorney, (GARNSEY, WOOD & LENNON, of counsel,) for appellant:

Commerce undoubtedly is traffic, but it is something more,—it is intercourse. It describes the commercial intercourse between nations and parts of nations in all its branches, and is regulated by prescribing rules for carrying

on that intercourse.   *Gibbons* v. *Ogden,* 9 Wheat. 189; *Groves* v. *Slaughter,* 15 Pet. 511; *Brown* v. *Maryland,* 12 Wheat. 436.

Commerce succeeds to manufacture and is not a part of it.   *United States* v. *Knight Co.* 156 U. S. 1.

The fact that manufacturers get their raw material in other States and send agents to other States to solicit orders does not make their business inter-State commerce.   *United States* v. *Tobacco Co.* 164 Fed. Rep. 700.

Commerce includes purchase and sale as well as transportation.   *Mobile* v. *Kimball;* 102 U. S. 691; *Crow* v. *State,* 179 id. 270; 7 Cyc. 414; *United States* v. *Addyston Pipe Co.* 46 L. R. A. 122.

The oil in question had a situs within the State of Illinois on the taxing days and was not an article of commerce as handled by appellee.   The tax imposed by the board of review was valid.   *Lumber Co.* v. *Willetts,* 118 Ill. 559; *Hopkins* v. *Baker Bros.* 22 L. R. A. 477; *Meyers* v. *Commissioners,* 83 Md. 385; *Steel Co.* v. *Speed,* 192 U. S. 500; *Coal Co.* v. *Bates,* 156 id. 577; *Merchants' Co.* v. *Board,* 28 L. R. A. (N. S.) 622.

The case of sheep being driven across a State is not a parallel one with this, and presents the same questions as where property is transferred by rail.   *Kelly* v. *Rhoades,* 188 U. S. 1.

The permanency of location cannot be determined by any general rule.   *Irvin* v. *Railroad Co.* 94 Ill. 105.

The right of a State to tax all subjects within its jurisdiction is unquestionable, and this right may, in the discretion of the legislature, be exercised over all property coming temporarily within its territory, whether for trade, business or convenience, unless such exercise conflicts with some constitutional provision.   *Hall* v. *American, etc. Co.* 24 Col. 291; *Refrigerator Co.* v. *Lynch,* 18 Utah, 378; *Railway Co.* v. *Lesueur,* 1 L. R. A. 244.

W. S. FITZPATRICK, ATWOOD CADY, and J. W. DOWNEY, for appellee:

The oil in question in this cause was engaged in inter-State commerce and was exempt from taxation in the State of Illinois, through which it was being transported. *Kelly* v. *Rhoades,* 188 U. S. 1; *Brown* v. *Houston,* 114 id. 622; *Coal Co.* v. *Bates,* 156 id. 577; *Coe* v. *Erroll,* 116 id. 517; *Lumber Co.* v. *Willetts,* 118 Ill. 559; *State* v. *Engle,* 34 N. J. L. 425; *Oil Co.* v. *Bachelor,* 89 Ind. 1; *In re Union Tank Line Co.* 204 Ill. 347.

If property is brought into the State for the purpose of bringing it to a market, it will be exempt as a subject of inter-State commerce. *Kelly* v. *Rhoades,* 188 U. S. 1.

The first clause of the first section of the Revenue act of Illinois does not contemplate the assessment of personal property which is passing through the State or which is in the State for temporary purposes only. *Irvin* v. *Railroad Co.* 94 Ill. 105.

In all cases of this character the question turns upon the purpose for which the property sought to be taxed is brought into the State. If brought into the State for the purpose of being transported across the State to a market or a point without the State it is exempt as a subject of inter-State commerce. *Kelly* v. *Rhoades,* 188 U. S. 1; *Lumber Co.* v. *Willetts,* 118 Ill. 559.

If the property thus being transported should be temporarily detained by the breaking of the pipes or necessary shutting down of the pumps, or any such cause, it would not be subject to taxation in this State by the State taxing authorities. *Lumber Co.* v. *Willetts,* 118 Ill. 559.

Natural gas and petroleum, when brought to the surface and placed in pipes for transportation, are articles of commerce. Iron ore and coal, when brought to the surface, are articles of commerce. *State* v. *Oil Co.* 120 Ind. 575; 7 Cyc. 417; 6 Am. & Eng. Ency. of Law, (2d ed.) 217.

Mr. JUSTICE VICKERS delivered the opinion of the court:

On March 17, 1908, the Prairie Oil and Gas Company, a corporation organized under the laws of Kansas, filed its bill in equity in the Will county circuit court against August Ehrhardt, county treasurer and collector, praying for an injunction to prevent the collector from collecting certain taxes levied against the complainant upon crude oil in certain tanks and pipe lines belonging to the complainant and located in Will county. Upon a hearing in the circuit court the temporary injunction was made perpetual, and from a decree granting the relief prayed for, the collector has appealed to this court.

The bill alleges, and the evidence sustains the allegations, that appellee is an incorporated company under the laws of Kansas and owns and operates a pipe line extending from Humboldt, Kansas, through the States of Missouri, Iowa and Illinois, and extending to Griffith, Indiana, through which crude petroleum is transported, by means of a system of force pumps and tanks, from one end of the pipe line to the other; that the company has a large number of tanks in south-eastern Kansas in which millions of barrels of oil are stored; that some of this oil is produced by wells owned by the company, but most of it is purchased from owners of other oil wells in south-eastern Kansas and in Oklahoma after it is collected by such other owners in tanks at their wells and is conveyed through collecting pipes to the storage tanks in Kansas. The oil is then conveyed from the storage station in Kansas through pipe lines, as above described, to Griffith, Indiana, where it is delivered to another pipe line company, which transports the oil east through the pipe lines of the latter company. The pipes through which the oil is transported are made of metal, are from ten to twelve inches in diameter and are two and sometimes three in number, laid parallel to each other. The course of the oil across this State is slightly

up-grade, which makes it necessary to force the oil through the pipes by a system of force pumps distributed along the line about forty-five miles apart. There are two or three pumps installed at each pumping station, which force the oil, by a pressure of about 650 pounds to the square inch, to the next station east, where, in turn, another set of pumps forces it onward in its course across the State. The oil travels, in the pipes at the rate of about three miles per hour. There is a pumping station at Wilmington, west of Griffith, Indiana, and the next pumping station south-west of Wilmington is at Kernan, in LaSalle county. If the pumps at each station did exactly the same amount of work they would keep the current of oil moving continuously in the pipe line. It is expected that the pumps will work continuously, both day and night. In the practical operation of the pipe line it is found that it is impossible to so regulate the several pumps along the line that each will do the same amount of work as each of the others. Pumps will break down, get out of repair and have to be stopped now and then, which would result in an interruption of the flow of oil in the pipes. In order to overcome the difficulties from the irregularities in the movements of the pumps two tanks are established at each pumping station, which are connected with the main pipes by connecting pipes and valves. The object of these tanks is to equalize the work of the pumps. They are so adjusted that an excess of oil coming to a station will be forced into the tanks, and a shortage in the supply coming to a station will be supplied by drawing on the surplus stored at such station in the tanks. By maintaining these tanks at the pumping stations an interruption of the work of any set of pumps will not interfere with the work of any other pumps on the line. There is usually enough oil stored in the tanks at each station to keep the pumps going for twenty-four hours without receiving any oil from the pipe lines. It sometimes happens, when the pumps are all working along the line,

that the oil in the tanks will not be increased or diminished for several days, but as a rule the oil is passing into and out of the tanks, more or less, every day. There is thus an almost constant flow of oil through the tanks as well as through the pipes. The taxes which are sought to be enjoined are levied upon the oil in the pipes and in the tanks that are located in Will county.

There is no question of fact in dispute between the parties. The only question is the liability of appellee to pay taxes upon this oil while it is being transported across Will county in the manner above described.

The Revenue law of this State provides that all personal property in this State shall be assessed and taxed, except such as is specifically exempt from taxation by the statute. While there is no express exemption of property in transit, yet it has been held by this court and by the Supreme Courts of other States, and by the Supreme Court of the United States, that property in transit which is passing through a taxing district is not liable to local taxation. *Irvin* v. *New Orleans, St. Louis and Chicago Railroad Co.* 94 Ill. 105; *Burlington Lumber Co.* v. *Willetts,* 118 id. 559; *People* v. *Bacon,* 243 id. 313; *State* v. *Stevens,* 146 Mo. 622; *Coe* v. *Errol,* 116 U. S. 517; *Kidd* v. *Pearson,* 128 id. 1; *Kelly* v. *Rhoades,* 188 id. 1; Calvert on Regulations of Commerce, 291.

In the case of *Kelly* v. *Rhoades, supra,* the United States Supreme Court held that a flock of sheep which were being driven on foot through the State of Wyoming to a point in another State were not subject to local taxation, notwithstanding the sheep were permitted to graze as they went along, traveling at the rate of about nine miles per day. This case answers the appellant's argument that property cannot be in transit as' inter-State commerce unless it is in charge of some common carrier engaged in that class of business.

The oil in question was not held in Will county any longer than was necessary to its proper transportation by the means provided by appellee for that purpose. None of the oil was sold or offered for sale while passing through this State. It is manifest that the only purpose that appellee sought to accomplish was to transport the oil from the place where it was produced to other points in a foreign State, where it would be refined and enter thereafter into the channels of trade. The oil never acquired a situs in this State so that it can be said it became a part of the personal property of districts through which it passed. To hold that this oil, either in the tanks or in the pipes, was subject to taxation in Will county would authorize its taxation through other taxing districts through which it might pass, and if required to pay taxes in every State or county through which the pipe lines extended, it would amount to such a burden that transportation in this way would probably have to be abandoned.

This oil, while on its way from one State to a point in another State, is a subject of inter-State commerce and is therefore exempt from local taxation. To so construe our Revenue law as to include property while passing through the State as inter-State commerce would render the Revenue law unconstitutional under the commerce clause of the Federal constitution. We agree with the learned judge who tried this cause below, that "from the evidence this oil is an article of commerce being transported from Kansas to Indiana through the State of Illinois, and that under the inter-State commerce clause of the constitution it is not taxable in the State of Illinois."

The decree of the circuit court of Will county will be affirmed.                                   *Decree affirmed.*