## ABE GREEN v. STATE.

No. A-1238. Opinion Filed January 27, 1912.

(120 Pac. 667.)

1. **APPEAL AND ERROR—Sufficiency of Evidence.** A conviction, based upon the unsupported testimony of a confessed violator of the prohibitory law, who is contradicted by other competent witnesses for the accused, and successfully impeached for truthfulness, cannot be sustained.

2. **TRIAL—Rights of Accused.** It is the duty of the trial courts to see that fair and impartial trials are had, and that all the rights of the accused, as well as the rights of the state, are properly preserved.

3. **APPEAL AND ERROR—Reversal.** A person accused of crime is entitled to a fair and impartial trial, and, when the record discloses irregularities calculated to prejudice his substantial rights, a judgment of conviction will be reversed.

(Syllabus by the Court).

*Appeal from Custer County Court; J. C. McKnight, Judge.*

Abe Green was convicted of violating the prohibitory law, and appeals. Reversed and remanded.

*Jones & Bashore,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.  Plaintiff in error was convicted at the April, 1911, term of the county court of Custer county on a charge of unlawfully selling intoxicating liquor, and his punishment fixed at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The state relied solely upon the testimony of Frank Coker for conviction.  This witness was flatly contradicted by the accused and one other witness.  In addition, he was successfully impeached by 5 or 6 other witnesses.  He admitted in his testimony that he had been in jail prior to the time that he claims to have purchased the whisky from accused, and that he was charged with selling liquor himself; that he later entered a plea of guilty, and served his sentence.  The county attorney, in rebuttal, called a witness by the name of Wells, who testified that he had known the prosecuting witness for about 15 years; that he knew his reputation for truthfulness; and that at the present it was pretty good, but that it had not been so good while living in Clinton. The county attorney then asked the witness:

"Q.  You say at the present time it is good?  A. Yes, sir. Q. You may state what kind of a life he has led for the last two years?"

This was objected to as incompetent, irrelevant, and immaterial.  The objection was overruled, and exceptions saved.

"A.  Sober most of the time at least.  Q. Has he paid his debts?  A. As far as I know, he has.  Q. Has he made any profession?  (Objected to.  Objection was overruled, and exception taken.)  A. Yes, sir; he has.  Q. Has he pretended in the last year or two to lead a right kind of a life?  (Objected to, and objection overruled.)  A. He has."

There is no theory known to the law upon which this testimony could be made competent.  Convictions had on a record showing such proceeding cannot be upheld.  The trial courts could accomplish a great deal more in enforcing the law and maintaining good government by observing at least fundamental rules in the trial of criminal cases.  This trial appears to have been conducted with a reckless disregard for the rights the law preserves to every person accused of crime—a fair and impartial

trial. Society is interested in its each and every member. When people are to be imprisoned, and their property taken as a forfeiture for a violation of penal laws, they must be tried and convicted according to law. The state does not require the liberty of a citizen, except when he has forfeited the same by his own act, and after he has been tried fairly and impartially in a court of justice.

The judgment is reversed and the cause remanded, with directions to the trial court to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.