## GEORGE STANDFORD v. STATE.

No. A-2783—Opinion Filed May 19, 1919.

(180 Pac. 712.)

APPEAL AND ERROR—Review—Character of Witness—Testimony of Former Convict. A conviction based mainly upon the unsupported testimony of a confessed repeatedly convicted violator of law, who is contradicted by competent witnesses for the accused, and successfully impeached for truthfulness, will not be allowed to stand, and it is reversible error under such record to overrule a motion for a new trial.

*Appeal from County Court, Kay County;*
*Joshua L. Robinson, Judge.*

George Standford was convicted of a violation of the prohibitory liquor laws, and he appeals. Reversed and remanded.

*G. A. Chappell,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, George Standford, was informed against for the illegal sale of whisky to Carl Perkins, convicted, and sentenced to imprisonment in the county jail for a period of 30 days, and to pay a fine of $50 and the costs of this prosecution, and in the event said fine and costs are not paid at the expiration of said 30 days, to be further confined until said fine and costs are paid as provided by law. To reverse the judgment rendered, he prosecutes this appeal.

The evidence is that the prosecuting witness at the time and place averred in the information went with others in an automobile to near the home of the defendant,

where the prosecuting witness left the car, and went in the direction of the home of the defendant, and shortly thereafter returned to the car, having several half-pint bottles of whisky, which were deposited in the car, and the party then proceeded to Pickham, where, shortly after their arrival, they were arrested, and six half pints of Nentucky Club whisky found and seized by the sheriff, and put in evidence in this case, and their contents identified as whisky. That early the next morning the sheriff searched the residence of the defendant and did not find any whisky; but found three bottles of beer; that the defendant was then arrested and searched, and $10.50 in silver and two one dollar bills found upon his person, for which he gave the defendant $2 in silver, and retained the bills, which were introduced in evidence.

The prosecuting witness—the only witness to the alleged sale—testified that he was 22 years old; that at about 9 o'clock p. m. of the day stated in the information, he went in a car to near the house of the defendant, accompanied by others; that he left the car, the others remaining in said car, and proceeded to the home of the defendant, knocking at the door; that the defendant opened the door, and witness went into the house; that there was no light in the room, and that the defendant sold him some seven half pints of Country Club whisky, for which he paid him 4.50, paying the same in two $1 bills, three half dollars, and one silver dollar; that there was nobody in the house at the time except the witness and defendant; that the money to buy the whisky was furnished by Bell, with instructions to buy the same; that after buying the whisky he returned to the car, put the whisky in the car, and the party proceeded to Pickham, where shortly after their arrival they were arrested and con-

fined in jail. The prosecuting witness further testified that he had been convicted three times, and had "laid out his fines" in the county jail; that he had been twice convicted in the police court for being drunk, and "was now laying out a fine in the county jail."

James Avery, night watchman and marshal, Jesse Fagin, John Welch, an automobile man, D. D. Cathall, a grain merchant, and Dr. Decker, each testified that they had resided for years in the community, knew the general reputation of the prosecuting witness for truth and veracity, and it was bad.

The defendant, his wife, and daughter each testified that the defendant did not make the sale of liquor to Perkins as testified, and there were several witnesses who corroborated the testimony of the defendant that he was not at home on the 23d day of March, at the time Perkins says that he purchased the whisky, but was employed in taking two strangers to Gueda Springs, in an automobile, leaving Newkirk about 7:30 p. m., and returning about 11 o'clock, and that the persons he took to Gueda Springs paid him $6, four in silver, and two $1 bills. The defendant further testified that he had never sold any whisky.

There was other evidence in the case which we deem unnecessary to recite.

The defendant filed a motion for a new trial, upon the ground, among other grounds, that the verdict is contrary to the evidence. The court overruled each of said motions, and allowed exception.

The state relied mainly upon the testimony of Charles Perkins for a conviction. This witness was flatly contradicted by the defendant and another witness, and

was successfully impeached (for truthfulness by five witnesses of long residence and high standing in the community, and who had known the said witness for years, and the state did not attempt to sustain the truthfulness of said witness. Perkins in his testimony admitted that, he had been repeatedly convicted, and had served sentences in the city and in the county jail, and that at the time he testified in this case he was "laying out a fine in the county jail." In addition we think that the defendant by evidence fully sustained his contention that he was not at home at the time Perkins testified that he bought from him the whisky which it is alleged in the information that the defendant sold to Perkins.

We are of the opinion that under the record in this case the conviction of the defendant should not be permitted to stand, and that the trial court committed reversible error in overruling the motion for a new trial. *Green v. State,* 6 Okla. Cr. 585, 120 Pac. 667.

As the error pointed out must work a reversal, we deem it unnecessary to consider any of the other errors assigned.

The judgment of the trial court is reversed, and the cause remanded.

DOYLE, P. J., and MATSON, J., concur.