G. L. (BUD) PECK v. STATE.

No. A-8106.   Oct. 16, 1931.
(4 Pac. [2d] 127.)

W. H. Cooper, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, P. J. The plaintiff in error, hereinafter called the defendant, was convicted in the district court of Caddo county of attempting to shoot with intent to kill, and his punishment fixed at imprisonment in the penitentiary for five years. Motion for new trial was filed, considered, overruled, exceptions saved, and defendant appeals.

The testimony on behalf of the state tends to show that on the 3d day of October, 1929, in the evening, the defendant was returning home with his son along the streets of Bridgeport, and, while on the way home, passed a filling station operated by Charlie Goucher; in a conversation with one of the Goucher boys at the filling station, the state witnesses contend that the defendant attempted to shoot the prosecuting witness Charlie Goucher. The defendant contends that while in a conversation with one of the Goucher boys about Warren Stapp he was struck and dazed and did not know who his assailant was; that he attempted to get his gun out of the holster. The record shows that up to the time of the difficulty the defendant and prosecuting witness had had no trouble whatever; had been friends. The record further discloses that the defendant had resided in or near Bridgeport for a number of years. The defendant insists that he had nothing against the witness Goucher, and that he only tried to get his gun in order to try to keep from being injured, as some one had already struck him over the eye.

It is admitted by the state and the defendant that the defendant had some time previous had some trouble with Warren Stapp.

The defendant has assigned several errors alleged to have been committed in the trial of the case. The fifth and eighth assignments of error will be considered together. They are as follows:

"5. Said court erred in overruling the plaintiff's motion for a new trial.

"8. Error of the court in admitting certain incompetent, irrelevant and immaterial testimony."

It is not deemed necessary for the purpose of this opinion to set out in full the testimony of the state and the defendant. The defendant urges that the court committed reversible error in admitting, over his objections, incompetent and immaterial testimony, and permitting the county attorney to propound to the defendant on cross-examination incompetent and improper questions relating to acts and matters which tended to prejudice the rights of the defendant before the jury, and it is especially urged by the defendant that the court erred in admitting the following testimony, over the objection of the defendant:

"Q. And what was it you went to the penitentiary for? By Mr. Stovall: Objected to as incompetent, irrelevant and immaterial. By the Court: Overruled. By Mr. Stovall: Exceptions. Q. I will ask you if it isn't a fact, Bud, you went to the penitentiary for a year and a day for getting mad and in a sudden fit of anger pulling your pistol and shooting a man in the arm. A. That was for shooting a fellow. Q. And when you shot at him you shot at him to kill him, and, after you served your term in the penitentiary and came back you say somebody filed peace bond against you? (Objection was made and sustained. Same matter was admitted later.) Q. You

weren't referring to the charges filed in 1929 in the county court against you for pointing a pistol? A. We have been fighting for that to come here for close to a year, Judge. By Mr. Stovall: Objected to as incompetent, irrelevant and immaterial. By the Court: Overruled. By Mr. Stovall: Exceptions. Q. I will ask you if it isn't a fact that the charges you refer to as charges, a prosecution on the part of the people of Bridgeport on charges that were brought about by you yourself getting drunk and carrying your pistol and in a mad fit of drunken anger pulling your pistol and threatening to kill people and shooting at them? By Mr. Stovall: Objected to as incompetent, irrelevant, and immaterial. By the Court: Overruled. By Mr. Stovall: Exceptions. Q. I will then ask you if it is not a fact in 1929, along about the time this happened you did not get drunk and go to the home of Mr. Ludrick in Bridgeport and pull your pistol and stick it in the breast of a young girl and threaten to kill her if she didn't tell you where your daughter was? A. That is not so. I never done it. Q. And charges are filed in there now, are they not? A. They are filed but they are not true. Q. I will ask you if it is not a fact that the people in Bridgeport are not afraid of you? A. No, sir. Q. They are not? A. They are not. Q. And you haven't threatened some of them? A. I haven't. Q. And since you have been in jail and after your father wanted to make the bond you threatened his life and threatened to kill him when you got out? A. No, sir. Q. And threatened the life of other people up at Bridgeport, haven't you? A. No, sir."

It is further disclosed by the record that the court, over the objections of the defendant, permitted the sheriff to testify as to what the lawyer for the defendant had told him the defendant had said about his case, and about making bond. There are many other complaints in this case, and many other facts disclosed by the record which tend to show that the defendant had for some reason been kept in jail almost a year before he was brought to trial upon

this charge, notwithstanding he had filed his application for a change of judge, which was granted, and had also filed an application for a change of venue, which was denied.

From the record in this case, the court, over the objection of the defendant, permitted all of the past history of the defendant to be related in detail, whether hearsay or positive testimony. It is the duty of the trial court to see that fair and impartial trials are had, and that all the rights of the accused as well as the rights of the state are properly preserved. A person accused of crime is entitled to a fair and impartial trial. When the record discloses irregularities calculated to prejudice the substantial rights of the defendant a judgment will be reversed. Green v. State, 6 Okla. Cr. 585, 120 Pac. 667; Watson v. State, 7 Okla. Cr. 590, 124 Pac. 1101; Goben v. State, 20 Okla. Cr. 220, 201 Pac. 812.

A defendant guilty or innocent has a constitutional right to have a fair and impartial trial. Bramble v. State, 37 Okla. Cr. 35, 255 Pac. 1104.

There is no theory known to law upon which much of the testimony complained of by the defendant could be made competent. A conviction had on a record showing such proceedings cannot be upheld. When a person charged with a crime is to be imprisoned, he must be tried and convicted according to law. For the reasons herein stated, the defendant was deprived of a fair and impartial trial.

There are other errors complained of by the defendant, but in the view we take of this record it is not necessary to consider them. The judgment of the trial court is reversed.

EDWARDS, J., concurs.  CHAPPELL, J., dissenting.