**STATE ex rel. HIRSCHI, County Atty., et al. v. EMPIRE OIL & REFINING CO.**

No. 25413. March 12, 1935.

William T. Hirschi, Co. Atty., for plaintiffs in error.

James W. Finley, Hayes McCoy, and Charles C. Julien, for defendant in error.

WELCH, J. The exact question is whether the oil was in process of being transported from the state of Oklahoma to points outside of the state, or was in transit in interstate commerce; or whether the oil had come to rest and acquired a location or situs in Antelope township, school district No. 69, in Logan county, so as to be subject to local ad valorem taxation.

The company owning the oil had produced or purchased it in Oklahoma and Kansas for transportation in interstate commerce. We regard the law ·as settled that the oil would not be subject to local taxation if it had actually commenced its journey in interstate commerce. See Prairie Oil & Gas Co. v. Ehrhardt (Ill.) 91 N. E. 680; See, also, the reasoning of the court in Coe v. Town of Errol, 116 U. S. 517, 29 L. Ed. 715; General Oil Co. v. Crain, 209 U. S. 211, 52 L. Ed. 754; Hammer v. Dagenhart, 247 U. S. 251, 62 L. Ed. 1101.

That rule is not seriously questioned by the taxing authorities, as plaintiffs in error, but they do question the right of the owner to rely on that rule in this case under the facts. They assert that the trial court erred

"In holding that such oil for said time was in transit in interstate commerce, and erred in holding that such oil had not come to rest at said time in the said state of Oklahoma."

The record shows the testimony of only one witness, and documentary evidence identified and explained by him. The pipe line company was engaged generally in the transportation of oil in interstate commerce by pipe line extending from Oklahoma county through Logan county, and thence to various delivery points in Northern states and Southern Gulf states. In the school district mentioned in Logan county were several storage tanks attached to the pipe lines and used to run oil into and through, in the process of transporting the same. It was necessary to separate shipments of oil on account of· the difference in substance and grades of the crude oil, and was regularly necessary that oil received for transportation in interstate commerce should enter the tanks in question and there await its turn to enter the pipe lines and continue its journey. The oil here involved was delivered to the pipe line company in Oklahoma county, and a portion of it was delivered from points in Kansas, all consigned for transportation and delivery in Northern states and Southern Gulf states. In keeping with the general custom, and the necessities of the case, the oil was run into the tanks at the pipe line company station in the school district in Logan county, but it was there only temporarily, and to await its turn to enter the pipe line and continue its journey.

Plaintiff in error urges that the oil was in fact in storage and at rest in the tanks,

and was not on bona fide consignment to the pipe line company exclusively for transportation to the other states. This contention is in no wise supported by the evidence, but the evidence is to the contrary, as above stated.

Several pages of the record before us indicate that the trial court made a painstaking analysis of the facts and evidence, and found specifically that any oil that was in the tanks "was not stored oil at all within the meaning of the law, but was oil in interstate commerce being transported from the state of Oklahoma to its destination near Chicago, and also to its destination the other way down, near the coast in Louisiana." The trial court referred to the voluminous exhibits and made findings in detail as to the business practices of the pipe line company, and to its use of the tanks attached to the pipe line, situate in the school district in question in Logan county, and found in detail that the oil had not come to rest or acquired a location or situs which would subject it to local taxation. That analysis by the trial court indicates thorough consideration of the contentions of plaintiff in error, and a correct conclusion as to both the law and facts. The findings of the trial court are clearly sustained by the evidence, and are correct in law.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur.