### BOARD OF EQUALIZATION OF TULSA COUNTY v. KENNEDY, Trustee.

No. 29907.   June 10, 1941.

*114 P. 2d 485.*

Dixie Gilmer, County Atty., and John F. Conway, Asst. County Atty., both of Tulsa, for plaintiff in error.

John S. Robinson and Sam G. Kennedy, Jr., both of Tulsa, for defendant in error.

CORN, V. C. J.   In this appeal the board of equalization of Tulsa county challenges the power of the district court on an appeal from the county board of equalization to modify the judgment of said board by substituting its own opinion for that of the board on questions of valuation of property.

The property involved is the Kennedy Building in Tulsa. The valuation of the property as rendered by the taxpayer, assessed by the assessor, fixed by the county board of equalization, and modified by the district court is tabulated as follows:

|  | Land | Improvements | Total |
|---|---|---|---|
| Taxpayer | $130,000 | $350,000 | $480,000 |
| Assessor | 152,390 | 446,000 | 598,390 |
| Board of Equalization | 152,390 | 410,000 | 562,390 |
| District Court | 140,000 | 410,000 | 550,000 |

It was apparent that the assessor made an error in the amount the valuation should be increased on account of the installation of an air-conditioning system in the building to the extent of $36,000. This was adjusted by the board

of equalization by deducting that amount from the valuation as fixed by the assessor, but no other change was made by the board, either as to the value of the land or of the improvements. The taxpayer appealed upon transcript to the district court, where the amount of the land valuation was reduced $12,000.

The plaintiff in error in his brief says:

"The sole question involved in this case is: Was it error of law for the district court of Tulsa county, Okla., to make this reduction upon the land involved, there being ample evidence to support the judgment of the board of equalization?"

While the record in this case is quite lengthy, most of the evidence is in regard to the value of the improvements on the property, and the direct evidence as to the value of the land is very brief. Arthur Newlin testified for protestant that he had been in the real estate business for 21 years in the city of Tulsa, and as to the value of the land testified as follows:

"Q. Take the net income and figure on a percentage basis? A. That is right. My conclusion is that the value of the improvements would be $500,000 for the improvements, taking into account the reproduction cost and earnings. The value of the land, I think a very fair or liberal value would be $212,500 for the land."

M. J. Glass testified on behalf of the county, or protestee, that he had been in the real estate business in the city of Tulsa for a number of years, and as to the value of the land in question, stated:

"Q. Now, what, in your opinion, was the value of the land upon which the Kennedy Building rests as of January 1, 1939? A. The corner lot, I estimate the value of that at $2,250 per front foot, or $121,500. The inside lots I would place at 5% less than the valuation I placed upon the Tulsa National Bank inside lots across the street, and I valued those lots at $1,425 per front foot, or $142,500 for the inside one hundred

feet, making a total valuation upon the 150 x 140 feet of $255,000."

There are two late cases on the proposition involved in this case, both of which arose in Tulsa county, the first of which is Mid-Continent Building Co. v. Board of Equalization of Tulsa County, 184 Okla. 525, 88 P. 2d 626. The first paragraph of the syllabus in that case is as follows:

"On appeal from an order of the district court reviewing an order of the county board of equalization fixing the valuation of property for the purpose of taxation, there is a presumption in favor of the correctness of the determination of value fixed by the board; until the contrary is made to appear, the law presumes that the officers have discharged the duties which the law imposes upon them; that the board made due investigation and obtained sufficient data on which to base its assessment; that the board acted fairly and impartially with honest motives and exercised honest judgment in fixing the valuation. Such presumptions can be overcome only by clear and convincing proof."

The other is the case of McBirney v. Board of Equalization of Tulsa County, 184 Okla. 564, 89 P. 2d 314. The following is from the body of the opinion in that case:

"In the present case the board heard the evidence of a qualified and impartial witness to the effect that the value of the land was $21,500, and it fixed the assessment value thereof at $13,130, which is nearly $8,000 less than some of the testimony may have justified and only $630 more than the value placed thereon by some of appellant's own witnesses. In such state of the record and under the above rules, we are not justified in concluding that the land did not have a cash value of $13,130."

In the case at bar defendant in error's witness, Newlin, placed the valuation of the land at $212,500, and the board of equalization assessed it at $152,390 (which was $60,110 less than the valuation placed thereon by said witness). There was no evidence that this property was assessed dispropor-

tionately to the assessment of other similar property.

There is no evidence to overcome the presumption of correctness of the determination of the value fixed by the county board of equalization that would justify the trial court in disturbing its finding.

The judgment of the trial court is reversed and remanded, with directions to sustain the finding of said board.

RILEY, OSBORN, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., dissents. WELCH, C. J., and BAYLESS, J., absent.

---

HURST, J. (dissenting). It is my view that the rule that should be followed by this court in cases such as this is correctly stated in State v. Empire Oil & Refining Co., 171 Okla. 138, 42 P. 2d 127, as follows:

"In an action on appeal to the district court from the county board of equalization, the determination and judgment of the district court will not be disturbed where the determination is fairly sustained and supported by the evidence, and the judgment is not contrary to law."

In the cases on which the majority opinion is based, the district court affirmed the decision of the board of equalization, while in the instant case, as in the cited case, the district court modified or annulled the decision of the board of equalization. The statute (section 7, ch. 115, S. L. 1933, 68 O.S.A. § 258) provides that on the appeal to the district court the transcript containing the evidence introduced before the board "shall, in due course, be examined and reviewed by said court, and affirmed, modified or annulled, as justice shall demand." In passing upon the appeal, it is the duty of the district court to indulge the presumption that the decision of the board of equalization is correct. In making an order such as "justice shall demand," it is the duty of the district court to weigh the evidence and, after giving due considera-

tion to the presumption in favor of the correctness of the board's decision, enter a judgment based upon the principles of justice and equality, bearing in mind that the prime requisite of taxation is uniformity and equality in the assessment, equalization, levy, and collection of the taxes, so that each citizen shall bear his just share of the burden of maintaining the government. State v. Boyett, 183 Okla. 49, 80 P. 2d 201; State v. Board of Com'rs of Creek County, 188 Okla. 184, 107 P. 2d 542. When the district court has acted and modified or annulled the decision of the board, and an appeal is taken to this court from such judgment, we should presume that the judgment of the district court, which we are reviewing, is correct and affirm the same unless it is clearly against the weight of the evidence or is contrary to law.

Here, evidence was introduced as to the valuation placed upon similar properties in the vicinity of the Kennedy Building. The evidence would have justified a minimum assessment of $127,500 or a maximum assessment of $153,000. The district court weighed the evidence as to the value of the Kennedy property and considered the valuation placed upon similar property nearby, and reduced the assessment from $152,390 to $140,000. I cannot agree that the judgment is clearly against the weight of the evidence.

I therefore dissent.